# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KANSAS

**PETE FRANKLIN,**

                Plaintiff,                          Case No. 06-2421-CM-DJW

v.

**CITY OF MERRIAM, KANSAS,**                      JURY TRIAL DEMANDED

                **Defendant.**

## PROTECTIVE ORDER ADOPTING STIPULATION FOR PROTECTION OF CONFIDENTIAL OR PROPRIETARY INFORMATION

On the 30th day of January, 2007, comes the above-captioned cause before the Court on the joint request of the parties to enter a Protective Order. Plaintiff Pete Franklin ("Franklin") and defendant The City of Merriam, Kansas ("Merriam"), by and through their attorneys, stipulate and agree to the entry of the protective order set forth below. In addition, the Court finds that there are sufficient facts establishing good cause under Fed. R. Civ. P. 26 (c) for this order to be issued.

1. In this case, lost profit will be an item of damages claimed by the Plaintiff. Plaintiff is required to produce confidential financial documents and records in Rule 26 disclosures, and has been requested by Defendant in discovery to produce such documents and information. These documents are of the type that are treated as confidential by Plaintiff, are commercial in nature, contain information of a commercially sensitive and nonpublic nature, and should not be revealed except as set forth in this Order.

2. The categories of documents and other discovery materials which will be the subject of this Protective Order are confidential, non-public documents consisting of tax returns, accounting documents, financial statements, reports, or other documents or things which

refer or relate to income, profit, loss and expenses of car dealerships that are either owned by the Plaintiff individually, or Plaintiff is involved in as an owner, officer, director, member or shareholder, or in which Plaintiff has been an owner, officer, director, member or shareholder; and 2) trade secrets, proprietary business information, unpublished financial data, pricing or cost information or other similar, commercially sensitive information of a nonpublic nature.

3. This order shall govern and apply to all documents and other discovery materials which have already been or which will be produced in this action by the parties, pursuant to interrogatories, requests for document production, depositions, requests for admission, orders of the court, Rule 26 disclosures, or agreements among the parties, that are properly identified as confidential and which are documents or things which are the subject matter of properly protected documents and information set forth in paragraph 2 above.  It shall also apply to testimony obtained during and documents marked as exhibits or otherwise utilized in depositions in this proceeding that pertain to or inquire into the documents or the subject of the documents to the extent they are properly deemed confidential.  (All documents, testimony or other discovery materials as described in paragraph 2 shall be referred to throughout the order as "discovery materials.").

4. No discovery materials produced or provided by any party in the course of this proceeding shall be used by any opposing party for any purpose whatsoever other than the preparation for and trial of this proceeding.

5. Any party providing discovery materials which are claimed to contain or reveal information of the type set out in paragraph 2 above may designate such discovery materials or the relevant portion of the discovery materials as CONFIDENTIAL.  Said documents must be

identified as CONFIDENTIAL by counsel for the party asserting the designation. (All such materials, together with copies, abstracts, extracts or summaries of such materials and information or notes derived from or regarding the contents of such materials shall be referred to throughout this order as "confidential material.")

a) Documentary confidential material shall be so designated by being stamped or marked in substantially the following form:

> CONFIDENTIAL (hereinafter referred to as the "CONFIDENTIAL designation").

b) Portions of depositions taken in this proceeding may also contain the CONFIDENTIAL designation by contemporaneously informing the court reporter of that fact. The court reporter shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly. The transcript of the non-confidential portion shall indicate that testimony in the confidential matters ensued which is separately transcribed. Both the non-confidential and confidential transcripts shall use a single set of continuous numbers so that the continuity of the deposition transcript pagination is maintained in a continuous fashion.

c) Documents and information covered by this order need not be filed with the court. In the event that any transcripts of depositions, exhibits, answers to interrogatories and other documents and materials, including briefs, which will be filed with the court, which comprise or contain material noted with the CONFIDENTIAL designation, or information taken therefrom, the party seeking to file any document containing or attaching Confidential information or documents, shall file a motion file a motion with the Court for leave to file the particular document under seal. Upon the granting of any motion to file a document under seal, the document shall

be filed in sealed envelopes on which shall be written the title of this proceeding, an indication of the nature of the contents of the envelope, the word "CONFIDENTIAL" and the following statement: "This envelope is not to be opened except upon the direction of the Court".

d) References to information with CONFIDENTIAL designations in motions, briefs or other pleadings, which do not reveal the confidential information need not be sealed.

e) If a pleading, memorandum or other document requesting action by the court is filed under seal in accordance with this Order, the parties agree that, in an effort to maintain the confidentiality of that material, it shall be the responsibility of the party making the filing to advise the court's chambers (either at the time of the filing, or periodically during the course of the litigation) of the filing and/or the nature of the confidential material in this litigation.

6. Except with prior written consent of the party asserting the CONFIDENTIAL designation, no confidential material may be disclosed to any person other than the following (who shall agree to and be subject to the terms of this Protective Order by their signature on this document or a copy thereof):

a) The parties (including their present and/or former employees).

b) Counsel of record for each party, in-house counsel for corporate parties, their legal associates, their paralegals and their office staff.

c) Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter.

d) Persons who are being interviewed as possible witnesses.

e) Witnesses whose testimony is being taken before trial, at any hearing, or at trial.

7. Copies of confidential material may not be made by, maintained by or put in the possession, custody or control of, any, persons other than the following after such persons agree to be subject to the terms of this Protective Order by their signature on this document or a copy thereof):

   a) Counsel of record for each party, in-house counsel for corporate parties, their legal associates, paralegals and office staff.  For purposes of this provision, "office staff" shall include independent copying or duplicating services.

   b) Experts and consultants for the purpose of assisting in the preparation of this case or for the purpose of testifying by deposition or at the trial of this matter.

   c) Persons who are being interviewed as possible witnesses.

   d) Witnesses whose testimony is being taken before trial, at any hearing, or at trial.

8. A party objecting to a CONFIDENTIAL designation shall attempt to resolve the disagreement informally with the designating party.  If no resolution can be reached, the matter shall be presented to the court by the designating party within twenty days of the date when the objecting party advises the designating party of the objection and failure to reach agreement.  The party asserting the CONFIDENTIAL designation as to any discovery materials shall have the burden of justifying that designation.  If the designating party does not present the matter to the Court within said period, the materials at issue shall no longer be treated as confidential.  Otherwise, until the court rules otherwise, the challenged discovery material shall be treated as confidential material.

9. The parties are not obligated to challenge the propriety of CONFIDENTIAL designations with which they disagree, and any failure to do so in this proceeding shall not preclude a subsequent challenge.

10. Nothing in the foregoing provisions of this order shall:

   a) Limit any party in the introduction of confidential material into evidence, subject to the designating party's right to seek further protection from the court;

   b) Preclude a party from seeking such additional protection with regard to the confidentiality of discovery materials as that party may deem appropriate; nor

   c) Prevent a party from objecting to discovery which it believes to be improper, including objection based upon the confidential or proprietary nature of the discovery material requested.

11. Final termination of this action, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this order.  Upon final termination of this action, and upon the request of the party asserting the CONFIDENTIAL designation, all confidential material and all copies thereof, including such materials in the hands of outside experts or consultants, shall be delivered to counsel of record for the party asserting the CONFIDENTIAL designation as to such materials, or else counsel shall advise in writing that such materials have been destroyed.  Notwithstanding anything in this paragraph to the contrary, no party shall be required to turn over to any other party its attorney work product, attorney/client communication, and/or trial strategy materials.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of January, 2007.

                                                    s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc: All counsel and *pro se* parties

AGREED TO:

**DEZUBE MILLER LLC**

      /s/  Lee R. Hardee, III, #15891
**Douglas K. DeZube    KS#15891**
**Lee R. Hardee, III     KS#14943**
4400 W. 109th St., Third Floor
Overland Park, KS  66211
Phone (913) 385-0355
Facsimile (913) 385-1948
ddezube@dezubemiller.com
lhardee@dezubemiller.com

*ATTORNEYS FOR PLAINTIFF*
*PETE FRANKLIN*


**FISHER, PATTERSON, SAYLER & SMITH, LLP**

      /s/  Michael K. Seck, #11393
Michael K. Seck, mseck@fisherpatterson, com
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS  66210
Phone (913) 339-6757
Facsimile (913) 339-6187

*ATTORNEY FOR DEFENDANT CITY*
*OF MERRIAM, KS*