IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETE FRANKLIN and** ) | |
| **C&F INVESTMENTS, LLC,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 06-2421-CM |
| ) | |
| **CITY OF MERRIAM, KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this § 1983 action claiming that defendant violated their constitutional rights to due process and equal protection and to be free from takings without just compensation. The case is before the court on several interrelated motions: (1) Defendant's Motion to Dismiss or Motion for Judgment on the Pleadings (Doc. 24); (2) Defendant's Motion to Stay Discovery Until the Court has Ruled on Motion for Judgment on the Pleadings of Defendant (Doc. 26); (3) Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Dismiss (Doc. 30); (4) Plaintiffs' Motion for Leave to File a Surreply to Defendant's Reply Memorandum in Support of Motion to Stay Discovery (Doc. 37); and (5) Plaintiffs' Motion to Amend Scheduling Order (Doc. 39).

**I. Motion to File Surreply (Doc. 37)**

The court first takes up plaintiffs' motion to file a surreply. The court will only grant leave to file a surreply when a party improperly raises new arguments in a reply. *EEOC v. Int'l Paper Co.*, No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992). Defendant did not improperly raise new arguments in its reply brief, and the court denies plaintiffs' motion to file a surreply.

**II. Motion to Stay Discovery (Doc. 26)**

Next the court addresses the motion to stay discovery. Whether to stay discovery is within the court's discretion. *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990). But "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The court does not favor staying pretrial proceedings. *Wolf v. United States*, 157 F.R.D. 494, 494 (D. Kan. 1994). The court will, however, stay discovery in several situations: where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Kutilek*, 132 F.R.D. at 298; *Wolf*, 157 F.R.D. at 494.

The court finds that a stay of discovery is not warranted here. Defendant has not, at this point, shown that the case is likely to be concluded as a result of the ruling on the motion to dismiss. The court questions whether the facts sought through discovery would affect the outcome of the motion to dismiss, but finds that defendant has not shown that the broad scope of plaintiffs' complaint would result in wasteful and burdensome discovery. This is not to say that defendant will not prevail on its motion to dismiss. The court only finds that this is not one of the rare circumstances where plaintiffs' interest in proceeding is outweighed by defendant's interest in preserving resources and minimizing expenses.

**III. Motion for Extension of Time (Doc. 30)**

Plaintiffs ask for at least forty-five days to engage in discovery, as well as additional time to draft a response to defendant's motion to dismiss. Plaintiffs base their request on the fact that they

have new counsel who is in the process of taking over several cases for plaintiffs' former counsel and the fact that they cannot fully respond to defendant's arguments without engaging in discovery. Plaintiffs argue that defendant effectively converted its motion to dismiss to a motion for summary judgment by attaching exhibits to the motion.

The court grants plaintiffs' motion in part and denies it in part. The court will give plaintiffs a limited amount of additional time to respond in light of new counsel taking over the case. But the court will not grant plaintiffs the full amount of time to engage in discovery before responding, for several reasons. First, the Rules of Civil Procedure do not contemplate an extension of time to conduct discovery to respond to a motion to dismiss or for judgment on the pleadings. *See Tarbet v. Miller*, No. 2:05-CV-00635 PGC, 2006 WL 1982747, at *2 (D. Utah July 13, 2006) ("Nothing in Rule 12(b)(6) or 12(c) requires the court to allow the plaintiffs to conduct discovery before the court considers whether the plaintiffs' First Amended Complaint fails to state a fraud claim."). By their nature, such motions are based on the well-pleaded complaint. Even if plaintiffs were to obtain discovery and attach it to their response, the court would not consider it without giving notice and converting the motion to one for summary judgment. Second, defendant did not already convert its motion to a motion for summary judgment. All of the attachments to defendant's motion are referenced in plaintiffs' amended complaint. *See GFF Corp. v. Associated Wholesale Grocers Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (noting that motions to dismiss may include documents which are central to the plaintiff's claim and referenced in the complaint). Third, the only parallel that the court can draw to plaintiffs' motion is a Rule 56(f) motion, which normally is filed in response to a motion for summary judgment. Plaintiffs did not attach an affidavit or otherwise attempt to meet the requirements for Rule 56(f) relief. *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (holding that a movant must explain by affidavit: (1) why facts precluding summary judgment are

unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992))). For these reasons, the court denies plaintiffs' request for an extended amount of time to respond to defendant's motion. Plaintiffs shall respond by July 2, 2007.

**IV.  Motion to Amend Scheduling Order (Doc. 39)**

In light of the court's other rulings in this Memorandum and Order, the court finds that amendment of the scheduling order is appropriate. Counsel shall contact the chambers of Magistrate Judge Waxse within three business days of this order to coordinate a scheduling conference.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Surreply to Defendant's Reply Memorandum in Support of Motion to Stay Discovery (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery Until the Court has Ruled on Motion for Judgment on the Pleadings of Defendant (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 30) is granted in part and denied in part. Plaintiffs shall file their response brief by July 2, 2007.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Scheduling Order (Doc. 39) is granted. The parties shall contact the chambers of Magistrate Judge Waxse within three business days to coordinate a scheduling conference.

Dated this 7th day of June 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**