# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETE FRANKLIN** and **C&F INVESTMENTS, LLC,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) ) No. 06-2421-CM |
| **CITY OF MERRIAM, KANSAS,** | ) ) ) |
| **Defendant.** | ) ) ) |

## MEMORANDUM AND ORDER

Plaintiffs bring this § 1983 action claiming that defendant violated their constitutional rights to due process and equal protection and to be free from takings without just compensation. The case is before the court on several interrelated motions: (1) Defendant's Motion to Dismiss or Motion for Judgment on the Pleadings (Doc. 24); (2) Plaintiffs' Motion to Dismiss Takings Claims without Prejudice and Motion for Leave to File a Second Amended Complaint (Doc. 49); and (3) Plaintiffs' Motion for Leave to File a Surreply to Defendant's Reply Memorandum in Support of Motion for Judgment on the Pleadings (Doc. 59). The court first takes up plaintiffs' motion to dismiss and amend, as its resolution bears on whether the other two motions are moot.

Plaintiffs filed their motion to dismiss/amend in response to defendant's motion to dismiss/for judgment on the pleadings. Defendant's motion focuses largely on issues relating to plaintiffs' takings claims, and plaintiffs now seek to "clean up" their complaint by removing all references to the takings claims. Plaintiffs represent that their takings claims were intended to be ancillary claims and seek to simplify the issues in the litigation by eliminating the claims. Plaintiffs have submitted a proposed Second Amended Complaint that would limit their claims to substantive

due process and equal protection claims.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion whether to grant leave to amend, but should not deny leave without reason. *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). The court may deny leave when the amendment would cause undue prejudice to the opposing party, when the movant has "unduly and inexplicably delayed" in requesting leave, when the movant acts on a "bad faith or dilatory motive," or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984). Defendant claims that (1) plaintiffs' motion was untimely; (2) amendment would be futile; and (3) defendant would suffer undue prejudice.

With regard to defendant's untimeliness argument, plaintiffs filed their motion <u>after</u> the deadline for amending pleadings set by the court's scheduling order of January 10, 2007 but <u>before</u> the deadline for filing "motions to join additional parties or otherwise amend the pleadings for purposes of dismissing the takings claim" set by the court's revised scheduling order of June 21, 2007. Plaintiffs represent that they did not realize until defendant filed its motion to dismiss/for judgment on the pleadings (on March 6, 2007) that defendant believed plaintiffs' takings claims were the "driving force" of the litigation. The court finds that plaintiffs did not unduly delay in filing their motion and that the motion is timely.

The court next addresses defendant's argument that amendment would be futile. Defendant bases its futility argument on the arguments in its motion to dismiss/for judgment on the pleadings. But defendant's motion to dismiss/for judgment on the pleadings largely argues that plaintiffs' equal protection and due process claims must be dismissed because the takings claims fail. Moreover,

plaintiffs are not seeking to add claims that would be futile; they are only seeking leave to delete an arguable futile claim.  The court will not deny leave to amend based on futility.

Finally, the court finds that while defendant may be prejudiced if plaintiffs are allowed to amend, defendant will not suffer undue prejudice.  By virtue of plaintiffs' voluntary dismissal of the takings claims, defendant is essentially receiving a portion of the relief it sought.  If defendant still seeks dismissal of the remaining claims, defendant need only modify its current motion to dismiss/for judgment on the pleadings, and the modifications should not be significant.  Any delay in the court's resolving a revised motion should be minimal—defendant's currently-pending motion to dismiss/for judgment on the pleadings only became ripe for adjudication on July 18, 2007.  Moreover, plaintiffs' motion for leave to file a surreply would need to be resolved before the court considered defendant's current motion.

For all of the above-stated reasons, the court finds that the interests of justice, fairness, and judicial efficiency will be promoted by allowing plaintiffs leave to amend their complaint to delete the takings claims.  Amendment will properly limit the issues at hand to those upon which plaintiffs seek relief.  Plaintiffs shall file their proposed second amended complaint within five business days of the date of this order.  This ruling renders Docs. 49 and 59 moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Dismiss Takings Claims without Prejudice and Motion for Leave to File a Second Amended Complaint (Doc. 49) is granted.  Plaintiffs shall file their proposed second amended complaint within five business days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or Motion for Judgment on the Pleadings (Doc. 24) is denied without prejudice as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Surreply to

Defendant's Reply Memorandum in Support of Motion for Judgment on the Pleadings (Doc. 59) is denied without prejudice as moot.

Dated this  17th  day of August 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**
